UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN P. THOMSEN,

                                    Plaintiff,

                                                        DECISION AND ORDER

                                                        09-CV-6404L

                v.

STANTEC, INC.,

                                    Defendant.

_____

      On August 7, 2009, plaintiff Steven Thomsen ("plaintiff") initiated the instant action against Stantec, Inc. ("Stantec" or "defendant"). Plaintiff, a former Stantec employee, alleges that Stantec discriminated against him on the basis of disability and failed to make reasonable accommodations for his disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA") and New York Human Rights Law, N.Y. Exec. Law §§290 et seq. ("NYHRL"), and also interfered and retaliated against him with respect to his exercise of rights under the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA").

      Stantec now moves to for summary judgment dismissing plaintiff's claims in their entirety. For the following reasons, the motion for summary judgment (Dkt. #17) is granted, and the complaint is dismissed.

## **DISCUSSION**

      Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). While caution is merited in cases where motive, intent or state of mind are at issue, which is a common component

of discrimination claims like those asserted here, *see Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989), "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985) (summary judgment rule would be rendered sterile if mere incantation of intent or state of mind would act as a talisman to defeat an otherwise valid motion). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), *quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993) (trial courts should not "treat discrimination differently from other ultimate questions of fact"). When considering a motion for summary judgment, the Court must draw inferences from underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

## I.      Plaintiff's ADA Discrimination Claims

Plaintiff's claims of employment discrimination are subject to the burden-shifting analysis first articulated in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, plaintiff must establish a *prima facie* case of discrimination by demonstrating that: (1) his employer is subject to the ADA; (2) he was a person with a disability as defined by the ADA; (3) the plaintiff was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations; and (4) plaintiff suffered adverse employment action on account of his disability. *See Rambacher v. Bemus Point Cent. Sch. Dist.*, 307 Fed. Appx. 541,543-544 (2d Cir. 2009); *Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003).

Once plaintiff has established a *prima facie* case, the burden shifts to Stantec to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id*. Once it does so, the burden then returns to plaintiff, to supply evidence that the legitimate, nondiscriminatory reason offered by Stantec for the adverse employment action is pretextual. *See St. Mary's Honor Center*, 509 U.S. 502 at 508.

While granting plaintiff the liberal interpretation and favorable inferences due to him as a nonmovant, I find that plaintiff cannot make out a *prima facie* case of discrimination in violation of the ADA, and thus, his claims must be dismissed.

Title I of the ADA prohibits employers from discriminating again any "qualified individual with a disability because of the disability of such individual in regard to" any aspect of employment. 42 U.S.C. §12112(a).  A disabled individual is one who: "(i)  has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment."  42 U.S.C. §12102(2).

An impairment cannot be demonstrated by bare evidence of a medical diagnosis, such as cancer: rather, the ADA "requires those claiming the Act's protection . . . to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial."  *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002).  In considering the severity of the impairment for the afflicted individual, the Court assesses, "(I) the nature and severity of the impairment; (ii) the duration or expected duration of the impairment; and (iii) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2).  "A disability under the ADA does not include temporary medical conditions, even if those conditions require extended leaves of absence from work because such conditions are not substantially limiting."  *Murray v. Rick Bokman, Inc.*, 2001 U.S. Dist. LEXIS 7163 at *21 (W.D.N.Y. 2001) (internal quotations omitted).

Here, plaintiff has failed to demonstrate that he is an individual with a disability pursuant to the ADA, or that he was subjected to adverse employment action resulting from that disability.

Plaintiff claims that his bowel cancer, which necessitated at least three medical leaves of absence from work in order to undergo surgical removal procedures, each lasting approximately six weeks, constituted an ADA-qualifying disability.  However, plaintiff has produced no evidence that his impairments -- whatever they might have been during his medical leaves of absence -- were significantly restrictive, persistent or permanent.  *See generally* 29 C.F.R. § 1630.2(j)(1)(ii)( "substantially limits" means "[s]ignficantly restricted as to the condition, manner or duration under

- 3 -

which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity").  A "temporary inability to work after surgery does not constitute a 'disability' under the ADA," and plaintiff has produced no evidence to suggest that he experienced anything more.  *Walker v. Consol. Edison Co. of New York, Inc.*, 2002 U.S. Dist. LEXIS 20112 at *14 (S.D.N.Y. 2002).  To the contrary, plaintiff testified that his condition did not limit his ability to accomplish any major life activity, except for the brief periods in which he was hospitalized and/or on medical leave.  (Dkt. #17-9, #17-10 at 111-117).  He also testified that when he returned to work, his physician imposed no restrictions on him, and he did not request any accommodations in order to perform his job.  (Dkt. #17-9, #17-10 at 49-59, 120).  The parties agree that plaintiff's surgeries were successful, and that as of the time his employment was terminated by Stantec, he was cancer-free.

The undisputed evidence thus indicates that plaintiff experienced only discrete, temporary and brief periods of impairment as he recovered from surgery, followed by successful returns to work, in which his ability to perform, and his employer's expectations, were unchanged.  Nor is there any question as to whether Stantec had notice of a disability: plaintiff never notified Stantec that he was disabled or requested accommodations.  *See e.g. Watson v. Arts & Entm't TV Network*, 2008 U.S. Dist. LEXIS 24059 at *39-*40 (S.D.N.Y. 2010) ("[a]lthough there may be close cases where knowledge of some symptoms may give rise to a question of fact concerning the employer's knowledge of the claimed disability . . . [no such case exists where] defendant had no reason to know or even suspect that [the employee] suffered an impairment that was so serious that it rose to the level of a disability within the meaning of the ADA, notwithstanding defendant's knowledge of plaintiff's [underlying] injury").

Although plaintiff argues that Stantec perceived him as disabled, the evidence he cites in support -- consisting solely of a stray comment by a coworker in a conference room, neither directed nor apparently referring to plaintiff, that if the coworker got "a chronic illness," the "last laugh will be on me" -- falls woefully short of a sufficient basis upon which a reasonable jury might conclude

- 4 -

that Stantec perceived plaintiff as disabled.  Accordingly, his ADA discrimination claim must be dismissed.

## II.     Plaintiff's ADA Failure to Accommodate Claims

Plaintiff's complaint sets forth a claim of failure to accommodate.  However, plaintiff admitted at his deposition that he never requested or required any accommodations, including but not limited to additional leaves of absence, in order to perform his job.  (Dkt. #17-9, #17-10 at 49-59, 120).  In opposition to Stantec's motion for summary judgment, plaintiff feebly protests that Stantec should have undertaken some duty to investigate whether accommodations were needed, regardless of whether it had any reason to believe that they were.  *See*  Dkt. #22-3 at 20-21 (Stantec never "bother[ed] to inquire whether plaintiff needed [certain accommodations]").  Plaintiff's suggestion that employers have an affirmative duty to investigate whether accommodations are needed for an employee's disabilities, impairments or other needs, even where the employee does not report the disability or request any accommodation, has no basis in law.  Accordingly, plaintiff's failure to accommodate claim is dismissed.

## III.    Plaintiff's FMLA Claim

Plaintiff alleges that Stantec violated the Family and Medical Leave Act ("FMLA") when it terminated him, because his termination prevented him from taking further FMLA leaves, in violation of 29 U.S.C. §2614.

The FMLA entitles eligible employees to take a total of twelve workweeks of leave for a "serious health condition that makes the employee unable to perform the functions of [her] position." 29 U.S.C. §§2612(a)(1)(D), 2612(b).  In order to state a *prima facie* claim for denial of FMLA rights, plaintiff must demonstrate that: (1) he was an eligible employee under the FMLA; (2) defendant is an employer under the FMLA; (3) plaintiff was entitled to leave under the FMLA; (4) plaintiff gave notice to defendant of his intention to take leave; and (5) plaintiff was denied benefits to which he

was entitled under the FMLA.  *See Brown v. Pension Boards*, 488 F. Supp. 2d 395, 408 (S.D.N.Y. 2007).

It is undisputed that plaintiff took three extended leaves of absence for surgery, the first two of which were not taken pursuant to the FMLA, because plaintiff had not yet accrued the 12 months of service required to render him an "eligible employee" for FMLA purposes.  *See* 29 U.S.C. §2611(2)(A)(i).  His final medical leave was granted in or about July 2008, and lasted from July 10, 2008 to August 21, 2008.  During his leave, plaintiff's position was held open for him by Stantec, and no further requests for leave were made (let alone denied) thereafter.  Plaintiff has not produced a shred of evidence to suggest that he made or was expected to make any further requests for leave from Stantec, or that Stantec denied any of his requests for medical leave, either before or after he was eligible for it under the FMLA.  His allegation that Stantec terminated his employment in order to prevent him from taking as-yet-unrequested FMLA leaves in the future does not state a claim for interference with the taking of FMLA leave, since plaintiff had not given Stantec any notice of the need for such leave.  *See generally Simmons v. Woodycrest Ctr. for Human Dev., Inc.*, 2011 U.S. Dist. LEXIS 24513 at *14-*15 (S.D.N.Y. 2001) (dismissing claim for interference with FMLA leave, where request for leave occurred after plaintiff's the decision was made to terminate plaintiff's employment).  Accordingly, his FMLA interference claim must be dismissed.

## IV.     Plaintiff's FMLA Retaliation Claim

In addition to granting substantive rights to leave for eligible employees, the FMLA prohibits employers from interfering with, restraining, or denying the exercise of such rights.  29 U.S.C. §2615(a).  To make out a *prima facie* case for retaliation under the FMLA, plaintiff must demonstrate that: (1) he availed herself of a protected right under the FMLA; (2) he was adversely affected by an employment decision; and (3) there is a causal connection between this protected activity and the Company's adverse employment action.  *See Edwards v. Community Enterprises, Inc.*, 251 F. Supp. 2d 1089, 1003 (D. Conn. 2003).

Like plaintiff's discrimination claims, his FMLA retaliation claims are subject to the familiar *McDonnell Douglas* balancing test.  411 U.S. 792 at 802.  Assuming *arguendo* that plaintiff could establish a *prima facie* case of retaliation based on his use of FMLA leave in July and August 2008, followed by his termination in or about October 2008, plaintiff cannot rebut Stantec's legitimate, nondiscriminatory reason for terminating his employment: a slow-down in work and deficient performance by plaintiff.  Stantec has also provided evidence that during plaintiff's period of employment, six employees in his practice group took FMLA leave, and none suffered an adverse employment action.  (Dkt. #17-5, Exh. G).  In response, plaintiff relies solely upon the temporal proximity between his final medical leave and his negative performance evaluations and/or termination, which is insufficient, by itself, to "carry plaintiff's burden of proof beyond the prima facie stage," *Richter v. Monroe County Dep't of Soc. Servs.*, *2005 U.S. Dist.* LEXIS 5800 at *43 (W.D.N.Y. 2005), or assuming *arguendo* that a prima facie case has been established, to demonstrate that Stantec's legitimate, nondiscriminatory reason for its actions is pretextual.  *See Simpson v. New York State Dep't of Civil Servs.*, 166 Fed. Appx. 500, 502 (2d Cir. 2006).  Plaintiff's FMLA retaliation claim is thus dismissed.

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment (Dkt. #17) is granted, and the complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 19, 2011.

- 7 -